IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEREMY CHRISTOPHER MCWHORTER,**

    **Petitioner,**

**v.**                                            **Civil Action No. 1:13cv15**
                                                     **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 29, 2013, Jeremy Christopher McWhorter, [hereinafter "petitioner"], a federal prisoner incarcerated at U.S.P. Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In addition, the petitioner filed a Motion for Leave to Proceed *in forma pauperis*, which was subsequently granted, although petitioner was directed to pay the five dollar filing fee. Petitioner paid the fee on March 5, 2013. Accordingly, this case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. Petition

The petitioner alleges four grounds for relief in his petition. First, he alleges that on December 17, 2012, staff at the prison failed to protect him from an assault by two inmates wielding three knives, who stabbed him in the finger, head, and "where ever else possible," but instead, stood around and watched, screaming at him to "get on the ground," all while he was still being stabbed. Second, petitioner alleges that after the attack, he was subjected to excessive force by staff, who manually choked him while he was already choking on the blood in his nose

1

and mouth from the assault; punched him in the face; threw him to the ground; and slammed his head down against a gurney, "splashing blood from [his] . . . forehead." Third, he raises an excessive force claim against the staff in the Special Housing Unit ("SHU") for a January 19, 2013 violent attack in a stairway, in which he was put in a head lock from behind, thrown face down while cuffed behind his back, kicked in the face repeatedly, sprayed in the face with mace; stomped, punched, while various body parts were deliberately twisted to cause pain. He contends this assault continued until he heard a Lt. Squires say "Handlin? What are you doing?! [sic] You're on Camera! [sic]" (Dkt.# 1 at 13). He asserts that as soon as the surveillance camera was mentioned, all staff stopped beating him and moved him from the stairway to the middle of the common area, where they continued to hold him down, twisting his arms, pressing pressure points and sticking their fingers in his ears, "all in an attempt to get [him] . . . to flinch, to make it seem as if [he] . . . was resisting." (Id.). Finally, he raises a conditions of confinement claim, contending that on December 30, 2012, he was removed from his own cell and subjected to inhumane conditions in a filthy "strip cage" for three days, all the while kept fully restrained in leg shackles, cuffs, waist chain and black box, even while toileting and wiping; and was refused a shower; all in retaliation for refusing to accept a celly. Petitioner states he has not filed any administrative grievances with respect to these claims he is raising here, because "I thought that this is the way to present it to them."

Petitioner seeks injunctive relief, in the form of the notification of "the proper authorities," "so that the video surveillance can be seized and reviewed, so that criminal charges can be filed.

### III. Analysis

As a preliminary matter, the undersigned notes that federal prisoners may seek relief through 28 U.S.C. § 2241. However, here, the petitioner is not contesting the validity of his arrest or incarceration. Rather, he is alleging violations of his constitutional rights with respect to the prison staff's failure to protect him from assault; excessive force; and conditions of confinement, and these are not the type of claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and civil rights actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a Bivens[1] civil rights action and pay the $350.00 filing fee.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by March 20, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to send petitioner a *pro se* Bivens packet, should he wish to re-file his claims as a civil rights action.

DATED: March 6, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE