IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEREMY CHRISTOPHER McWHORTER,**

    **Petitioner,**

**v.** // CIVIL ACTION NO. 1:13CV15
                                      (Judge Keeley)

**TERRY O'BRIEN,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 29, 2013, the pro se petitioner, Jeremy Christopher McWhorter ("McWhorter") filed a petition pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On March 6, 2013, Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that McWhorter's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 15). The magistrate judge determined that McWhorter's claims, which stem from alleged violations of his civil rights, are not cognizable in a § 2241 proceeding and must instead be pursued in a civil action filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The R&R also specifically warned McWhorter that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties

did not file any objections.* Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 15), **DENIES** the § 2241 petition (dkt. no 1) and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: April 4, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

* The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).